UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND EDWARD CHESTNUT, | : | CIVIL ACTION NO. 3:CV-14-0263 |
| | : | |
| Petitioner | : | (Judge Nealon) |
| | : | |
| v. | : | **FILED** |
| | : | **SCRANTON** |
| WARDEN J. THOMAS, | : | DEC - 4 2014 |
| | : | |
| Respondent | : | PER _____ |
| | | DEPUTY CLERK |

## **MEMORANDUM**

Raymond Edward Chestnut, an inmate presently confined in the United

States Penitentiary, Lewisburg, Pennsylvania, filed the above captioned petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, petition). Chestnut

challenges a sentence imposed by the United States District Court for the District of

South Carolina for convictions of conspiracy to distribute fifty (50) grams or more of

crack cocaine and, the possession, use, and carrying a firearm in a drug trafficking

crime. Id. Despite a guilty plea, Chestnut claims he is actually and factually innocent

of the firearms conviction under 18 U.S.C. § 924(c)(1)(A), because he has newly

discovered evidence that was not available at the time of his conviction, specifically,

a "witness affidavit from Veronica Ford that clearly alleges that the firearms

petitioner were [sic] convicted for did not actually or factually belong to petitioner,

and he did not use, carry, or possess the firearms." (Doc. 1 at 7). The petition is ripe

for disposition, and, for the reasons set forth below, will be dismissed for lack of jurisdiction.

**Background**

On October 5, 2006, Chestnut entered a guilty plea in the United States District Court for the District of South Carolina to the offenses of conspiracy to distribute more than fifty (50) grams of cocaine base, and the possession, use or carrying of a firearm in connection with drug trafficking crimes. See (Doc. 6-1, Ex. 1, United States v. Chestnut, No. 4:05-CR-1044 (D.S.C. 2006), Criminal Docket Sheet).

On May 18, 2007, he was sentenced to an aggregate term of three hundred (300) months imprisonment. Id.

On May 31, 2007, Chestnut filed an appeal of his judgment and sentence to the Fourth Circuit Court of Appeals. Id. He then filed a motion to dismiss the appeal, which was granted by the Circuit Court on July 12, 2007. Id.

On July 26, 2010, the District Court reduced Chestnut's sentence to an aggregate term of 180 months imprisonment in response to a government motion for a sentence reduction. Id.

Since his conviction, he has filed more than ten (10) challenges to his conviction and sentence before the sentencing court, including numerous motions to

2

vacate his sentence under 28 U.S.C. § 2255. <u>See</u> (Doc. 6-1, Ex. 1, <u>United States v. Chestnut</u>, No. 4:05-CR-1044 (D.S.C. 2006), Criminal Docket Sheet at docket entry nos. 115, Mot. for Two Point Reduction; 116, Mot. for Downward Departure; 117, Mot. for Retroactive Appl. of Sentencing Guidelines; 145, Mot. to Reduce Sentence Rule 35(b); 154, Mot. for Retroactive Appl. of Sentencing Guidelines; 183, Mot. to Vacate under 28 U.S.C. § 2255; 189, Mot. to Am./Correct Sentence; 215, Mot. to Reduce Sentence/to Seek Relief under 18 U.S.C. 3582(c); 225, Mot. under Rule 52(b) (plain error); 226, Mot. to Correct Sentence/J.; 233, Mot. to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2); 235, Mot. to Suppress/Dismiss/Overturn Drug Conspiracy; 250, Letter Motion; 257, Mot. Challenging Sentence under 21 U.S.C. 851; 258, Mot. to Vacate under 28 U.S.C. § 2255; 283, Mot. to Vacate under 28 U.S.C. § 2255; 290, Mot. to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2); 319, Mot. Preserving Error under Rule 51(b); 334, Mot. to Am./Correct Sentence Pursuant to Rule 35(a); 373, Mot. to Reduce Sentence pursuant to 3582(c)(2); 383, Mot. for Recons. re Mot. to Vacate; 421,Mot. to Reduce Sentence pursuant to 3582(c)(2)). The sentencing court denied all of Chestnut's motions. <u>Id</u>. at docket entry nos. 125, 137, 147, 158, 237, 254-255, 264, 287, 305, 323, 340, 374, 388, 467.

Since filing the instant action, Chestnut has filed, in the state court, three (3) additional motions to vacate Count 4 of his indictment (the weapons offense) on the

3

basis that he is actually innocent of the offense because there is no evidence that he "used, carried, or possessed any firearms in relation or in furtherance of the drug trafficking crime." Id. at docket entries 411, 416 and 459. These motions are currently pending before the sentencing court.

Chestnut's first motion to vacate asserted that he was incorrectly classified as a career offender, that his criminal history was "over-represented," that trial counsel failed to object to his sentence enhancement as a career offender, and that his prior crack cocaine offense should not be constituted as a serious offense for the purposes of his sentence enhancement. See (Doc. 6-2, Ex. 2, Chestnut v. United States, No. 4:04-CR-1044 (D.S.C. Feb. 27, 2012)). The sentencing court dismissed the § 2255 motion because it was not filed within the one-year statute of limitations, denied a certificate of appealability, and noted that Chestnut's claims had no merit. Id. Subsequently, the sentencing court also dismissed Chestnut's Rule 60(b) motion, subsequent § 2255 motions, the motion under Rule 52(b), the motion to correct/amend sentence, and the motion to suppress/reduce/overturn drug conspiracy as successive § 2255 motions, and the motion seeking reconsideration of the decision to deny his § 2255 motion. See (Doc. 6-1, Ex. 1, United States v. Chestnut, No. 4:05-CR-1044 (D.S.C. 2006), Criminal Docket Sheet at docket entry nos. 255, Order;

4

264, Order; 287, Order; 304, Text Order; 388, Text Order; and Ex. 2, <u>United States v.</u> <u>Chestnut</u>, No. 4:05-CR-1044 (D.S.C. 2012)).

Chestnut appealed the sentencing court's rulings and filed five (5) additional motions with the Fourth Circuit Court of Appeals seeking leave to file second or successive § 2255 motions.  The Circuit Court has denied all of the motions for leave to file successive § 2255 motions.  <u>See</u> <u>In re: Raymond Edward Chestnut</u>, No. 12-158 (4th Cir. Apr. 6, 2012); <u>In re: Raymond Edward Chestnut</u>, No. 12-203 (4th Cir. June 11, 2012); <u>In re: Raymond Edward Chestnut</u>, No. 13-228 (4th Cir. May 16, 2013); <u>In Re: Raymond Edward Chestnut</u>, No. 13-362 (4th Cir. Sept. 17, 2013); <u>In Re: Raymond Edward Chestnut</u>, No. 14-138 (4th Cir. Feb. 28, 2014).  In the most recent motion (No. 14-138), Chestnut argued that the one-year statute of limitations to § 2255 motions does not apply because he had a witness affidavit that was not available until August 30, 2013, and attached the same.[1]  <u>See</u> (Doc. 6-2 at 7, Mot. for Second or Successive Application for Relief under § 2255); (Doc. 6-2 at 6, <u>In Re:</u> <u>Raymond Edward Chestnut</u>, No. 14-138) (4th Cir.)).  The Fourth Circuit Court of Appeals denied his application to file successive § 2255 motions.  <u>In Re: Raymond</u> <u>Edward Chestnut</u>, No. 14-138 (4th Cir. Feb. 28, 2014).

---

1.    This affidavit is the topic of the instant habeas petition.

Additionally, this Court has previously dismissed a habeas corpus action in which it consolidated five (5) separate habeas corpus petitions filed by Chestnut, challenging his federal conviction and sentence. See Chestnut v. Thomas, No. 3:13-CV-1403 (M.D. Pa. Nov. 27, 2013).[2] He appealed. See (Id., Doc. 21, Not. of Appeal). On May 13, 2014, the United States Court of Appeals for the Third Circuit affirmed the District Court's dismissal of the habeas petition, finding that Chestnut failed to meet the "saving[s] clause" exception in Bailey v. United States, 516 U.S. 137 (1995), because Bailey was decided before he was convicted and he therefore had the opportunity to present his claims either on direct appeal or in a motion to vacate. See Chestnut v. Thomas, No. 13-4628 (3d Cir. May 13, 2014). The Court of Appeals further found that the fact that Chestnut's initial § 2255 motion was dismissed as untimely does not render that remedy ineffective. Id.

**Discussion**

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in

---

2. The following five (5) cases were consolidated into Civil No. 3:13-CV-1403:
   Chestnut v. Thomas, No. 3:CV-13-1403 (M.D. Pa. 2013);
   Chestnut v. Thomas, No. 3:CV-13-1644 (M.D. Pa. 2013);
   Chestnut v. Thomas, No. 3:CV-13-1742 (M.D. Pa. 2013);
   Chestnut v. Thomas, No. 3:CV-13-2247 (M.D. Pa. 2013);
   Chestnut v. Thomas, No. 3:CV-13-2315 (M.D. Pa. 2013).

6

violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. <u>Davis v. United States</u>, 417 U.S. 333, 343 (1974); <u>O'Kereke v. United States</u>, 307 F.3d 117, 122–23 (3d Cir. 2002). However, a "second or successive motion must be certified as provided in section 2244 [28 U.S.C. § 2244] by a panel of the appropriate court of appeals...." 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Where a petitioner fails to obtain prior authorization from the court of appeals, the district court lacks jurisdiction over a second or successive § 2255 motion. <u>See</u> <u>Pelullo v. United States</u>, 487 Fed. Appx. 1, 2 n.2 (3d Cir. 2012).

Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy available under § 2255 is inadequate or ineffective to test the legality of detention. <u>See</u> 28 U.S.C. § 2255(e); <u>O'Kereke</u>, 307 F.3d at 120 (explaining that this exception is extremely narrow). "A motion under § 2255 is inadequate or ineffective 'only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claim of wrongful detention.'" <u>Yuzarv v. Samuels</u>, 269 Fed. Appx. 200, 201 (3d Cir. 2008) (quoting <u>Cradle v. United States</u>, 290 F.3d

7

536, 539 (3d Cir. 2002)). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id.; In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538. Section 2241 should not be used as a way of evading the gatekeeping requirements of § 2255. Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001) (Vanaskie, J.). If a petitioner improperly challenges a federal conviction or sentence under 28 U.S.C. § 2241, the petition must be dismissed for lack of jurisdiction. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

As the Third Circuit Court of Appeals explained in Cradle, when determining whether § 2255 is inadequate or ineffective, it is the "inefficacy of the remedy, **not the personal inability to use it**, that is determinative." 290 F.3d at 358 (emphasis added). Under this test, the petitioner bears the burden of establishing that § 2255 does not provide him with a fair opportunity to seek collateral relief. Cradle, 290 F.3d at 539; Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001) (citing Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001)).

Thus, § 2255 is not inadequate or ineffective merely because the petitioner has been denied relief under § 2255. Dorsainvil, 119 F.3d at 251 (citing cases in which § 2255 is not "inadequate or ineffective" even though the prisoner was unable to raise a successful claim under it). Nor is § 2255 inadequate because the petitioner is unable to meet § 2255's stringent gatekeeping requirements . Dorsainvil, 119 F.3d at 251; United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (holding petitioner cannot evade Antiterrorism and Effective Death Penalty Act's (AEDPA) requirements for second or successive § 2255 petitions by filing a writ of coram nobis).

As recognized in Dorsainvil, a federal prisoner can pursue relief under § 2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is not criminal so as to avoid a complete miscarriage of justice. Dorsainvil, 119 F.3d at 251; see also Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding § 2241 may not be used to raise an Apprendi claim that is barred by the procedural limitations imposed by the AEDPA); United States v. Brooks, 230 F.3d 643 (3d Cir. 2000), opinion sur panel rehearing, 245 F.3d 291 (3d Cir. 2001); Kinder v. Purdy, 222 F.3d 209, 211 (5th Cir. 2000) (concluding § 2241 may not be used to challenge a determination that the prisoner was a career offender under U.S.S.G. § 4B1.1 where subsequent statutory interpretation revealed that the conduct

at issue could not support a finding that the prisoner was a career offender); Brown v. Mendez, 167 F. Supp. 2d 723, 726 -27 (M.D. Pa. 2001). "Section 2241 is not available for intervening changes in the sentencing law," such as arguments based on Apprendi. United States v. Kenney, 391 F. App'x 169, 172 (3d Cir. 2010). Sentencing claims "[do] not fall within the purview of the savings clause." Adderly v. Zickefoose, 459 F. App'x 73, 2012 WL 252416, *2 (3d Cir. 2012); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).

The Fourth Circuit Court of Appeals denied Chestnut's application to file a second or successive § 2255 motion with the sentencing court based on the affidavit that is the subject of his habeas corpus petition. See In Re: Raymond Edward Chestnut, No. 14-138 (4th Cir. Feb. 28, 2014). The denial of that application does not render § 2255 inadequate or ineffective to address his claim.

Section § 2255 "is not 'inadequate or ineffective' merely because the sentencing court has denied relief ... or because the petitioner cannot meet the gatekeeping requirements of § 2255." Dorsainvil, 119 F.3d at 251; see also Pack v. Yusuff, 218 F.3d 448, 453 (5th Cir. 2000) (stating that "[a] ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render

those procedural requirements a nullity and defy Congress' clear attempt to limit successive habeas petitions."); <u>United States v. Barrett</u>, 178 F.3d 34, 50 (1st Cir. 1999) (noting that simply because a prisoner cannot meet AEDPA's "second or successive" requirements does not make § 2255 inadequate or ineffective;" to permit such a result "would make Congress' AEDPA amendment of § 2255 a meaningless gesture"); <u>In re Davenport</u>, 147 F.3d 605, 608 (7th Cir. 1998) (finding the argument that the "inadequate or ineffective" language of § 2255 permits a prisoner to turn to § 2241 when prevented from obtaining relief under § 2255 "can't be right; it would nullify the limitations"); <u>Triestman v. United States</u>, 124 F.3d 361, 376 (2d Cir. 1997) (stating if a prisoner could bring a § 2241 action simply when unable to bring a § 2255 petition, "then Congress would have accomplished nothing at all in its attempts -- through statutes like AEDPA -- to place limits on federal collateral review").

Thus, Petitioner cannot benefit from the ruling in <u>Dorsainvil</u> as he has not claimed that he was convicted of conduct that is now recognized as not being criminal.  While "habeas jurisprudence allows the courts to hear a successive petition to avoid a miscarriage of justice if the petitioner makes a 'strong showing of actual innocence,' …., [i]nnocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy afforded by section 2255 would be inadequate or ineffective." <u>Brown v. Bledsoe</u>, 2012 WL 92344, *8

(M.D. Pa. 2012) (citing <u>Pryce v. Scism</u>, 2011 WL 41883, *4 (M.D. Pa. 2011) (Jones, J.)).  As such, Petitioner has failed to meet the limited exception recognized in <u>Dorsainvil</u>.

A separate Order will be issued.


Dated: December 4, 2014

**United States District Judge**